UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

RAYNI SIMMONS,

       Plaintiff,          CASE NO.: 2:16–cv–3001

vs.

THE KROGER CO.,

       Defendant.
_____/

**COMPLAINT**

COMES NOW Plaintiff, Rayni Simmons, and sues the Defendant, The Kroger Co., and states the following:

**INTRODUCTION**

1. Plaintiff Rayni Simmons sues Defendant The Kroger Co. for violations of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"). During her employment at Kroger Store No. 440, Ms. Simmons was subjected to unlawful sexual touching and harassment by her supervisor. Ms. Simmons complained to Defendant about the harassment and Defendant failed to act reasonably in response thereto. Ms. Simmons was later disciplined in retaliation for filing her complaint(s) and subjected to constructive discharge. She seeks entry of judgment in her favor and against Defendant as well as damages including compensatory damages, equitable relief, and attorneys' fees and costs.

1

## JURISDICTION AND VENUE

2. This Honorable Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 2000e, *et seq.*

3. Venue is proper as the acts and omissions giving rise to Plaintiffs claims occurred in Shelby County, Tennessee.

## THE PARTIES

4. Plaintiff, Rayni Simmons ("Ms. Simmons") was, at all times material, an employee of Defendant's Store No. 440 in Cordova, Tennessee.

5. Plaintiff is protected by Title VII of the Civil Rights Act because she:

    a. Is female;

    b. Was subjected to discrimination because of her gender;

    c. Was subjected to workplace harassment because of her gender;

    d. Opposed what she reasonably believed to be sexual harassment, including through her formal complaint of discrimination/harassment made to Defendant and her participation in the investigation of complaints made by her concerning the conduct of her co-worker; and

    e. Filed a Charge of Discrimination with the

U.S. Equal Employment Opportunity Commission ("EEOC") and participated in the investigation of that charge; and

  f. Was retaliated against for engaging in activities protected by Title VII.

 6. Defendant is an American retailer, the largest supermarket chain by revenue, the second-largest general retailer and the twenty-third largest company in the United States.

 7. Defendant is headquartered in Cincinnati, Ohio, operates more than 300 Fine Jewelry Stores and more than 1,300 Supermarket Fuel Centers.

 8. Defendant is publically traded on the New York Stock Exchange (KR), operates 2,778 supermarkets and multi-department stores, and employs over 400,000 workers in the United States.

 9. Defendant also operates 784 Convenience Stores, 38 Food Production Plants, and 39 Distribution Centers nationwide.

 10. In 2015, Defendant reported sales of $109.8 Billion and held the #20 rank on the Fortune 100 List.

 11. At all times material, Defendant was and is an "employer" as envisioned by Title VII.

## CONDITIONS PRECEDENT

 12. In August 2014, Ms. Simmons filed a Charge of

3

Discrimination with the EEOC which was dual-filed with the Tennessee Human Rights Commission alleging gender discrimination/sexual harassment. (Charge No. 490-2014-02237).

13. On or around September 22, 2016, the EEOC issued a Notice of Right to Sue for Charge No. 490-2014-02237.

14. Plaintiff files this Complaint within 90 days of receipt of the Notice of Right to Sue referenced in Paragraph 8 above.

15. All conditions precedent to this action have been satisfied and/or waived.

16. Plaintiff's claims are hereby timely filed.

### GENERAL ALLEGATIONS

17. Plaintiff was, at all times material, qualified for her position with Defendant.

18. As of her last date of employment, Plaintiff was assigned to Defendant's Kroger Store No. 440 located in Cordova, Tennessee.

19. Plaintiff began working for Defendant in 2013.

20. Plaintiff worked for Defendant as Lead Cake Decorator.

21. Beginning in April 2014, Plaintiff was subjected to unwelcome sexual harassment by her male co-worker (Demarcus).

22. Plaintiff complained to Defendant's management

4

about the harassment in April 2014.

23. Defendant failed to act reasonably in response to Plaintiff's April 2014 Complaint.

24. During the period April 2014 to July 2014 Plaintiff continued to work alongside her harasser despite her request that he be moved to a different location.

25. During the period April 2014 to July 2014 Demarcus continued to harass Plaintiff.

26. Demarcus told Plaintiff that he wanted to "watch her dance."

27. Demarcus asked Plaintiff if she was "feeling frisky."

28. Demarcus flirted with Plaintiff even though she asked him to stop.

29. On or around July 28, 2014, Demarcus grabbed Plaintiff's buttocks and vaginal area and pressed his body against hers while walking behind the bakery counter.

30. Plaintiff immediately reported the sexual assault to Defendant's Management.

31. Plaintiff filed a police report against Demarcus for the sexual assault on August 4, 2014.

32. Plaintiff filed a Charge of Discrimination on August 4, 2014.

33. Defendant interviewed Demarcus on August 7, 2014.

34. During the August 7, 2014, interview, Demarcus admitted making comments of a sexual nature to Plaintiff.

35. Defendant also interviewed a co-worker, Alina Zaraza, who confirmed that Demarcus touched Plaintiff's genital area on the day of the assault.

36. Another employee, Elaina, told Defendant's management that Demarcus was "flirting" with Plaintiff and "pressing on her body." Elaina also told Defendant's management that Demarcus "smacked Rayni on her butt" and "squeezed his body next to hers."

37. On August 15, 2014, Plaintiff's supervisor issued a Constructive Advice Record to Plaintiff related to product pricing.

38. The August 15, 2014, write-up was pretextual.

39. The August 15, 2014, write-up was issued in retaliation for Plaintiff's complaints against Demarcus.

40. The August 15, 2014, write-up stated that "any other instances . . . will lead to a 1 day suspension as well as termination."

41. The August 15, 2014, write-up was an attempt to target Plaintiff for termination because of her complaints about sexual harassment in the workplace.

42. Plaintiff was so distraught by her supervisor's reaction to her complaints, that her doctor recommended she

take a week off work in August 2014.

43. Plaintiff returned to work in September 2014 and continued working for Defendant without incident until December 2014.

44. On or around December 24, 2014, Demarcus returned to Store No. 440 with a bouquet of flowers.

45. Plaintiff was working for Defendant at Store No. 440 on December 24, 2016.

46. When Plaintiff saw Demarcus enter her store on December 24, 2014, she became afraid for her physical safety.

47. Plaintiff immediately notified her supervisor about her fear of Demarcus.

48. On December 27, 2014, Plaintiff's supervisor issued another pretextual write-up to Plaintiff regarding product pricing.

49. Based on the actions of her supervisor, Plaintiff had a reasonable belief that she was being terminated from her position with Defendant.

50. Based on Defendant's failure to act reasonably with regard to Plaintiff's multiple complaints about sexual harassment, Plaintiff feared for her safety.

51. Plaintiff's employment ended on December 29, 2014.

52. Plaintiff was constructively discharged from her employment with Defendant.

53. The harassment and retaliation Plaintiff suffered during the period April 2014 to December 2014 was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

54. Plaintiff was, at all times relevant, a female.

55. Demarcus was, at all times relevant, a male.

56. Demarcus harassed Plaintiff because of her gender.

57. Demarcus demanded sexual acts from Plaintiff.

58. Demarcus physically assaulted Plaintiff.

59. Plaintiff complained to Defendant about Demarcus' inappropriate behavior as early as April 2014.

60. Defendant failed to take prompt remedial action to correct Demarcus' unlawful behavior.

61. Had Defendant acted reasonably in response to Plaintiff's complaints, Plaintiff would likely not have suffered a physical sexual assault in July 2014.

62. Following its August 2014 investigation, Defendant instructed Demarcus not to return to Store No. 440.

63. Following its August 2014 investigation, Defendant required Demarcus to undergo EEO training.

64. Approximately four (4) months passed between the time Plaintiff first complained about Demarcus' unlawful harassment (April 2014) and the time when Demarcus was disciplined by Defendant.

65. By failing to act promptly and reasonably in response to Plaintiff's complaints, Defendant violated Plaintiff's right to be free from harassment in the workplace.

66. At all times relevant, Defendant failed to engage in the interactive process of investigating Plaintiff's complaints about workplace discrimination and harassment.

67. Defendant violated its own internal policies by failing to properly investigate Plaintiff's harassment complaint(s).

68. Defendant violated its own internal policies by failing to discipline employees similarly-situated to Plaintiff.

69. Defendant, through the actions more specifically alleged above, affected one or more "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII.

70. The treatment to which Plaintiff was subjected was based, at least in part, upon:

   a.   The fact that Plaintiff is female;

   b.   The fact that Plaintiff opposed what she reasonably perceived to gender-based discrimination and harassment, including the making of internal complaints and the filing of a Charge of Discrimination with the EEOC;

9

and/or

   c.   The fact that Plaintiff participated in the in the investigation of her Charge of Discrimination.

71. Plaintiff's gender-based complaints were a substantial and/or motivating factor in Defendant's decision(s) to discipline Plaintiff.

72. Plaintiff's opposition to and/or participation in the investigation of unlawful employment practices was a substantial and/or motivating factor in Defendant's decision(s) to discipline Plaintiff.

73. The decision(s) to discipline Plaintiff would not have been made absent her membership in one or more of the protected classes described above.

## COUNT I:

## Title VII Gender Discrimination/Sexual Harassment

74. Plaintiff realleges and adopts the allegations of paragraphs 1-73 above as if fully set forth herein.

75. Plaintiff's suffered discrimination and harassment at work because of her gender.

76. Defendant had actual or constructive knowledge of the discriminatory and/or harassing conduct of Demarcus, including through Plaintiff's own verbal and written complaints.

77. Notwithstanding Defendant's actual and constructive

knowledge of the discrimination and/or harassment suffered by Plaintiff, Defendant failed to exercise reasonable care to prevent and correct promptly the harassment, and failed to provide and effective policy against harassment.

78. Defendant treated Plaintiff less favorably than her coworkers because she complained about workplace harassment.

79. Defendant's discriminatory acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

80. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's gender and/or gender-based complaints.

81. Defendant's conduct, through that of Demarcus and Plaintiff's supervisors, violated Plaintiff's right to be free from discrimination in her employment on account her gender, as guaranteed by the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, *as amended*.

82. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

83. Plaintiff has no plain, adequate or complete remedy

at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

84. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Rayni Simmons, respectfully requests entry of:

    a.  judgment in her favor and against Defendant for violation of the anti-discrimination/anti-harassment provisions of the Title VII;

    b.  judgment in her favor and against Defendant for compensatory damages, in an amount to be determined by a jury of her peers;

    c.  judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses.

    d.  declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under Title VII;

    e.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 22nd day of December, 2016,

*/s/ Bernard R. Mazaheri*
Bernard R. Mazaheri
Christina J. Thomas
Morgan & Morgan
333 W Vine St Ste 1200
Lexington, KY 40507
Email – bmazaheri@forthepeople.com
         cthomas@forthepeople.com

*Counsel for Plaintiff*